UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02060-CAS(CWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | JOHN FONTES V. TIME WARNER CABLE INC. | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Laura Elias | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Nicholas Bontrager | Bryan Merryman |

**Proceedings:** DEFENDANT'S MOTION TO DISMISS, OR, IN THE ALTERNATIVE, STAY ACTION (Dkt. #12, filed April 14, 2014)

### I.   INTRODUCTION AND BACKGROUND

Plaintiff John Fontes filed this putative class action on March 18, 2014, against defendant Time Warner Cable Inc. Dkt. #1. The complaint asserts the following two claims for relief: (1) negligent violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, et seq.; and (2) knowing violations of the TCPA. Id. In brief, plaintiff alleges that defendant called his cellular telephone on several occasions, leaving pre-recorded voice messages. Id. ¶¶ 13-16. Plaintiff alleges that the pre-recorded messages were directed to an individual named Anna Pounzie, and referenced a "change in the status of [Pounzie's] account." Id. Plaintiff alleges that he is neither a subscriber nor a client of defendant, and never provided defendant with his cellular telephone number. Id. ¶¶ 20-21. Additionally, plaintiff alleges that he has not provided defendant with his prior express consent to receive unsolicited telephone calls. Id.

On April 14, 2014, defendant filed a motion to dismiss, or, in the alternative, stay this action under the doctrine of primary jurisdiction. See, e.g., Clark v. Time Warner Cable, 523 F.3d 1110, 1114 (9th Cir. 2008). Plaintiff filed an opposition on April 28, 2014, dkt. #15, and defendant replied on May 2, 2014, dkt. #19. Plaintiff filed a notice of supplemental authority on May 8, 2014, dkt. #21, and defendant filed a notice of supplemental authority on May 15, 2014, dkt. #22. The Court held a hearing on May 19, 2014. After considering the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02060-CAS(CWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | JOHN FONTES V. TIME WARNER CABLE INC. | | |

## II. LEGAL STANDARD

The primary jurisdiction doctrine gives courts discretion to decline to exercise jurisdiction over a claim that presents a contested issue for which "the initial decisionmaking responsibility should be performed by the relevant agency rather than the courts." Syntek Semiconductor Co., Ltd. v. Microchip Technology, Inc., 307 F.3d 775, 780 (9th Cir. 2002). The doctrine of primary jurisdiction is properly invoked "when a claim is cognizable in federal court but requires resolution of an issue of first impression, or of a particularly complicated issue that Congress has committed to a regulatory agency." Id. (quoting Brown v. MCI WorldCom Network Serv., Inc., 277 F.3d 1166, 1172 (9th Cir. 2002)). This doctrine does not require that all claims conceivably within an agency's area of expertise be resolved by the agency. Rather, it is a prudential doctrine that allows federal courts to minimize conflicts where judicial and agency jurisdiction overlap. Id. When the doctrine applies, a plaintiff's claims should be dismissed without prejudice or the proceedings should be stayed. Id. at 782.

The determination of whether the doctrine applies is within the court's discretion. Id. at 781. The following four factors are relevant to determining whether the doctrine applies: "(1) the need to resolve an issue that (2) has been placed by Congress within the jurisdiction of an administrative body having regulatory authority (3) pursuant to a statute that subjects an industry or activity to a comprehensive regulatory authority that (4) requires expertise or uniformity in administration." Id. (quoting United States v. General Dynamics Corp., 828 F.2d 1356, 1362 (9th Cir. 1987)).

## III. DISCUSSION

As relevant here, the TCPA provides that:

It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--

(A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02060-CAS(CWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | JOHN FONTES V. TIME WARNER CABLE INC. | | |

> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1).  Here, plaintiff alleges that defendant violated the TCPA by calling him on his cellular telephone without his prior express consent, using a pre-recorded message.  Compl. ¶¶ 10-21.  Defendant states that, in making these telephone calls, it was attempting to reach one of its customers regarding a past due account.  Zitko Decl. ¶ 8.  Defendant asserts that it inadvertently reached plaintiff instead of the customer because plaintiff was assigned the customer's former cell phone number approximately one month before these calls occurred.  Id.

Defendant contends that this action should be dismissed or stayed under the doctrine of primary jurisdiction because the Federal Communications Commission ("FCC") is currently considering two petitions (the "Petitions") requesting that the FCC clarify whether the TCPA imposes liability on entities that make automated calls and inadvertently reach persons other than the person who gave "prior express consent" to receive such calls.[1]  According to defendant, the Petitions present an issue of first impression that should be resolved in the first instance by the FCC.  Plaintiff responds that the FCC and the federal courts have already addressed this issue, or analogous issues, with sufficient clarity that deferral to the FCC is unnecessary.

At this stage, the Court declines to address whether this action should be stayed or dismissed under the primary jurisdiction doctrine.  Rather, on its own motion, the Court finds that it would be prudent to stay this action for 120 days pursuant to its inherent power to control its docket.  See Landis v. N. Am. Co., 299 U.S. 248, 253-54 (1936).  A stay is appropriate because it increases the likelihood that the Court will be able to address the parties' arguments after the FCC has acted on the Petitions.  Additionally, it does not appear that plaintiff will suffer prejudice from a stay of this duration.

---

[1] The petitions are United Healthcare Services, Inc.'s "Petition for Expedited Declaratory Ruling," dated January 16, 2014, and ACA International's "Petition for Rulemaking," dated January 31, 2014.  See Def. Request for Judicial Notice ("RJN") Exs. B-C.  The FCC sought public comment on the Petitions in February 2014, and the comment period for the Petitions closed on March 24, 2014.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | 2:14-cv-02060-CAS(CWx) | Date | May 19, 2014 |
|---|---|---|---|
| Title | JOHN FONTES V. TIME WARNER CABLE INC. | | |

## IV. CONCLUSION

In accordance with the foregoing, the Court RESERVES ruling on defendant's motion to dismiss or stay this action.

Additionally, the Court hereby STAYS this action on its own motion until **September 19, 2014**. The parties are directed to file a joint status report on **September 12, 2014**, or within 14 days after the FCC acts on the Petitions, whichever occurs earlier. The report shall set forth the status of the FCC proceedings related to the Petitions, including, if applicable, the substance of the FCC's rulings on the Petitions.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |