BRYAN A. MERRYMAN (SBN 134357)
bmerryman@whitecase.com
J. JONATHAN HAWK (SBN 254350)
jhawk@whitecase.com
WHITE & CASE LLP
633 W. Fifth Street, Suite 1900
Los Angeles, CA  90071-2007
Telephone:  (213) 620-7700
Facsimile:  (213) 452-2329

Attorneys for Defendant
TIME WARNER CABLE INC.

[ADDITIONAL COUNSEL ON SIGNATURE PAGE]

FILED
CLERK, U.S. DISTRICT COURT
3/31/2015
CENTRAL DISTRICT OF CALIFORNIA
BY:     GR     DEPUTY

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOHN FONTES, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>TIME WARNER CABLE INC.,<br><br>Defendant. | Case No. 2:14-cv-02060-CAS-CW<br><br>**STIPULATION AND [~~PROPOSED~~] PROTECTIVE ORDER** |

- 1 -

Americas 90470517 (2K)

1. A. <u>PURPOSES AND LIMITATIONS</u>

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order ("Order").  The parties acknowledge this Order does not confer blanket protections on all disclosures or responses to discovery and the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12.3, this Order does not entitle them to file confidential information under seal.  Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied.

B. <u>GOOD CAUSE STATEMENT</u>

This action is likely to involve trade secrets, proprietary software, personally identifiable information, and other valuable research, development, commercial, financial, technical and/or proprietary information for which special protection from public disclosure and from use for any purpose other than prosecution of this action is warranted.  Such confidential and proprietary materials and information consist of, among other things, confidential business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure under state or federal statutes, court rules, case decisions, or common law.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately

protect information the parties are entitled to keep confidential, to ensure that the parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

2. DEFINITIONS

2.1 Action: this pending federal lawsuit, styled *Fontes v. Time Warner Cable Inc.*, No. 2:14-cv-02060-CAS-CW.

2.2 Challenging Party: a Party or Non-Party that challenges the designation of information or items under this Order.

2.3 "CONFIDENTIAL" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement.

2.4 "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items: information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Federal Rule of Civil Procedure 26(c), and as specified above in the Good Cause Statement, and intended here to include non-public business or financial information, proprietary information, trade secret information, private and/or personal identification information, including any protected information belonging to non-Parties or third parties, which belongs to and/or is in the possession, custody, or control of a Designating Party who believes in good faith that the Disclosure of such

information to another Party or non-Party would create a substantial risk of serious financial or other injury that cannot be avoided by less restrictive means.

2.5 <u>Counsel</u>: Outside Counsel of Record and House Counsel (as well as their support staff).

2.6 <u>Designating Party</u>: a Party or Non-Party that designates information or items that it produces in disclosures or in responses to discovery as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY."

2.7 <u>Disclosure or Discovery Material</u>: all items or information, regardless of the medium or manner in which it is generated, stored, or maintained (including, among other things, testimony, transcripts, and tangible things), that are produced or generated in disclosures or responses to discovery in this Action.

2.8 <u>Expert</u>: a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this Action.

2.9 <u>House Counsel</u>: attorneys who are employees of a party to this Action. House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.10 <u>Non-Party</u>: any natural person, partnership, corporation, association, or other legal entity not named as a Party to this Action.

2.11 <u>Outside Counsel of Record</u>: attorneys who are not employees of a Party to this Action but are retained to represent or advise a Party to this Action and have appeared in this Action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party, and includes support staff.

2.12 <u>Party</u>: any party to this Action, including all of its officers, directors, employees, consultants, retained experts, and Outside Counsel of Record (and their support staffs).

- 4 -

1  2.13 <u>Producing Party</u>: a Party or Non-Party that produces Disclosure or
2  Discovery Material in this Action.

3  2.14 <u>Professional Vendors</u>: persons or entities that provide litigation support
4  services (e.g., photocopying, videotaping, translating, preparing exhibits or
5  demonstrations, and organizing, storing, or retrieving data in any form or medium)
6  and their employees and subcontractors.

7  2.15 <u>Protected Material</u>: any Disclosure or Discovery Material that is
8  designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL –
9  ATTORNEY'S EYES ONLY."

10  2.16 <u>Receiving Party</u>: a Party that receives Disclosure or Discovery Material
11  from a Producing Party.

12

13  3. <u>SCOPE</u>

14  The protections conferred by this Stipulation and Order cover not only
15  Protected Material (as defined above), but also (1) any information copied or
16  extracted from Protected Material; (2) all copies, excerpts, summaries, or
17  compilations of Protected Material; and (3) any testimony, conversations, or
18  presentations by Parties or their Counsel that might reveal Protected Material.

19  Any use of Protected Material at trial shall be governed by the orders of the
20  trial judge.  This Order does not govern the use of Protected Material at trial.

21

22  4. <u>DURATION</u>

23  Even after final disposition of this litigation, the confidentiality obligations
24  imposed by this Order shall remain in effect until a Designating Party agrees
25  otherwise in writing or a court order otherwise directs.  Final disposition shall be
26  deemed to be the later of (1) dismissal of all claims and defenses in this Action,
27  with or without prejudice; and (2) final judgment herein after the completion and
28  exhaustion of all appeals, rehearings, remands, trials, or reviews of this Action,

1   including the time limits for filing any motions or applications for extension of time
2   pursuant to applicable law.

3
4       5.   DESIGNATING PROTECTED MATERIAL
5       5.1 <u>Exercise of Restraint and Care in Designating Material for Protection</u>.
6   Each Party or Non-Party that designates information or items for protection under
7   this Order must take care to limit any such designation to specific material that
8   qualifies under the appropriate standards.  The Designating Party must designate for
9   protection only those parts of material, documents, items, or oral or written
10  communications that qualify so that other portions of the material, documents,
11  items, or communications for which protection is not warranted are not swept
12  unjustifiably within the ambit of this Order.
13      Mass, indiscriminate, or routinized designations are prohibited.  Designations
14  that are shown to be clearly unjustified or that have been made for an improper
15  purpose (*e.g.*, to unnecessarily encumber the case development process or to
16  impose unnecessary expenses and burdens on other Parties) may expose the
17  Designating Party to sanctions.
18      If it comes to a Designating Party's attention that information or items that it
19  designated for protection do not qualify for protection, that Designating Party must
20  promptly notify all other Parties that it is withdrawing the inapplicable designation.
21      5.2 <u>Manner and Timing of Designations</u>.  Except as otherwise provided in
22  this Order (see, e.g., second paragraph of section 5.2(a) below), or as otherwise
23  stipulated or ordered, Disclosure or Discovery Material that qualifies for protection
24  under this Order must be clearly so designated before the material is disclosed or
25  produced.
26      Designation in conformity with this Order requires:
27      (a) for information in documentary form (e.g., paper or electronic documents,
28  but excluding transcripts of depositions or other pretrial or trial proceedings), that

- 6 -

Americas 90470517 (2K)

1  the Producing Party affix at a minimum, the legend "CONFIDENTIAL" or
2  "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," as applicable, to
3  each page that contains protected material. If only a portion or portions of the
4  material on a page qualifies for protection, the Producing Party also must clearly
5  identify the protected portion(s) (e.g., by making appropriate markings in the
6  margins).

7       A Party or Non-Party that makes original documents available for inspection
8  need not designate them for protection until after the inspecting Party has indicated
9  which documents it would like copied and produced.  During the inspection and
10 before the designation, all of the material made available for inspection shall be
11 deemed "CONFIDENTIAL."  After the inspecting Party has identified the
12 documents it wants copied and produced, the Producing Party must determine
13 which documents, or portions thereof, qualify for protection under this Order.
14 Then, before producing the specified documents, the Producing Party must affix the
15 legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S
16 EYES ONLY," as applicable, to each page that contains Protected Material.  If only
17 a portion or portions of the material on a page qualifies for protection, the
18 Producing Party also must clearly identify the protected portion(s) (e.g., by making
19 appropriate markings in the margins).

20      (b) Deposition transcripts and exhibits thereto may be designated as
21 "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES
22 ONLY" on the record at the deposition and may also be designated as
23 "CONFIDENTIAL" or as "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES
24 ONLY" within fifteen (15) days (or such longer period if the Parties so agree) of
25 receipt of the transcript from the court reporter.  Until the expiration of the period
26 set forth in the preceding sentence, and unless otherwise agreed by the Parties, all
27 deposition transcripts and exhibits shall be deemed confidential until such time that
28 the Party is required to make its confidential designations.

1          (c) for information produced in some form other than documentary and for
2    any other tangible items, that the Producing Party affix in a prominent place on the
3    exterior of the container or containers in which the information is stored the legend
4    "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES
5    ONLY," as applicable. If only a portion or portions of the information warrants
6    protection, the Producing Party, to the extent practicable, shall identify the
7    protected portion(s).
8          5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent
9    failure to designate qualified information or items does not, standing alone, waive
10   the Designating Party's right to secure protection under this Order for such
11   material. Upon timely correction of a designation, the Receiving Party must make
12   reasonable efforts to assure that the material is treated in accordance with the
13   provisions of this Order.
14
15       6. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>
16         6.1 <u>Timing of Challenges</u>. Any Party or Non-Party may challenge a
17   designation of confidentiality at any time that is consistent with the Court's
18   Scheduling Order.
19         6.2 <u>Meet and Confer</u>. The Parties shall meet and confer within ten (10) days
20   of receipt of a written objection to the designation. If an agreement cannot be
21   reached by negotiation and the Court has not provided for a different procedure to
22   handle these disputes, then the Designating Party may file a motion, pursuant to
23   Local Rule 37, within thirty (30) days of the meet and confer date for a ruling from
24   the Court on the continued application of the "CONFIDENTIAL" or "HIGHLY
25   CONFIDENTIAL – ATTORNEY'S EYES ONLY" designation of the information
26   or material.
27         6.3 <u>Burden of Persuasion</u>. The burden of persuasion in any such challenge
28   proceeding shall be on the Designating Party. Frivolous challenges, and those

1   made for an improper purpose (e.g., to harass or impose unnecessary expenses and
2   burdens on other parties) may expose the Challenging Party to sanctions.  Unless
3   the Designating Party has waived or withdrawn the confidentiality designation, all
4   parties shall continue to afford the material in question the level of protection to
5   which it is entitled under the Producing Party's designation until the Court rules on
6   the challenge.

7
8      7.  ACCESS TO AND USE OF PROTECTED MATERIAL
9         7.1 Basic Principles.  A Receiving Party may use Protected Material that is
10  disclosed or produced by another Party or by a Non-Party in connection with this
11  Action only for prosecuting, defending, or attempting to settle this Action.  Such
12  Protected Material may be disclosed only to the categories of persons and under the
13  conditions described in this Order.  When the Action has been terminated, a
14  Receiving Party must comply with the provisions of section 13 below (FINAL
15  DISPOSITION).
16        Protected Material must be stored and maintained by a Receiving Party at a
17  location and in a secure manner that ensures that access is limited to the persons
18  authorized under this Order.
19        7.2 Disclosure of "CONFIDENTIAL" Information or Items.  Unless
20  otherwise ordered by the court or permitted in writing by the Designating Party, a
21  Receiving Party may disclose any information or item designated
22  "CONFIDENTIAL" only to:
23        (a) the Receiving Party's Outside Counsel of Record in this Action, as well
24  as employees of said Outside Counsel of Record to whom it is reasonably necessary
25  to disclose the information for this Action;
26        (b) the officers, directors, and employees (including House Counsel) of the
27  Receiving Party to whom disclosure is reasonably necessary for this Action;
28

- 9 -

Americas 90470517 (2K)

(c) Experts (as defined in this Order) of the Receiving Party to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(d) the Court and its personnel;

(e) court reporters and their staff;

(f) professional jury or trial consultants, mock jurors, and Professional Vendors to whom disclosure is reasonably necessary for this Action and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

(g) the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information;

(h) during their depositions, witnesses, and attorneys for witnesses, in the Action to whom disclosure is reasonably necessary provided: (1) the deposing party requests that the witness sign the form attached as Exhibit A hereto; and (2) they will not be permitted to keep any confidential information unless they sign the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material may be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order; and

(i) any mediator or settlement officer, and their supporting personnel, mutually agreed upon by any of the Parties engaged in settlement discussions.

7.3 <u>Disclosure of "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" Information or Items</u>.  Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" only to:

Americas 90470517 (2K)

1       (a) the Receiving Party's Outside Counsel of Record in this Action, as well
2  as employees of said Outside Counsel of Record to whom it is reasonably necessary
3  to disclose the information for this Action;
4       (b) Experts (as defined in this Order) of the Receiving Party to whom
5  disclosure is reasonably necessary for this Action and who have signed the
6  "Acknowledgment and Agreement to Be Bound" (Exhibit A);
7       (c) the Court and its personnel;
8       (d) court reporters and their staff;
9       (e) professional jury or trial consultants, mock jurors, and Professional
10 Vendors to whom disclosure is reasonably necessary for this Action and who have
11 signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);
12      (f) the author or recipient of a document containing the information or a
13 custodian or other person who otherwise possessed or knew the information;
14      (g) any mediator or settlement officer, and their supporting personnel,
15 mutually agreed upon by any of the Parties engaged in settlement discussions.

## 8. PROTECTED MATERIAL SUPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this Action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY," that Party must:

(a) promptly notify in writing the Designating Party. Such notification shall include a copy of the subpoena or court order;

(b) promptly notify in writing the Party who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

- 11 -

1    (c) cooperate with respect to all reasonable procedures sought to be pursued
2 by the Designating Party whose Protected Material may be affected.

3    If the Designating Party timely seeks a protective order, the Party served with
4 the subpoena or court order shall not produce any information designated in this
5 action as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEY'S
6 EYES ONLY" before a determination by the court from which the subpoena or
7 order issued, unless the Party has obtained the Designating Party's permission.  The
8 Designating Party shall bear the burden and expense of seeking protection in that
9 court of its confidential material and nothing in these provisions should be
10 construed as authorizing or encouraging a Receiving Party in this Action to disobey
11 a lawful directive from another court.

13   9. <u>A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE
14   PRODUCED IN THIS LITIGATION</u>

15    (a) The terms of this Order are applicable to information produced by a Non-
16 Party in this Action and designated as "CONFIDENTIAL" or "HIGHLY
17 CONFIDENTIAL – ATTORNEY'S EYES ONLY."  Such information produced
18 by Non-Parties in connection with this litigation is protected by the remedies and
19 relief provided by this Order.  Nothing in these provisions should be construed as
20 prohibiting a Non-Party from seeking additional protections.

21    (b) In the event that a Party is required, by a valid discovery request, to
22 produce a Non-Party's confidential information in its possession, and the Party is
23 subject to an agreement with the Non-Party not to produce the Non-Party's
24 confidential information, then the Party shall:

25    (1) promptly notify in writing the Requesting Party and the Non-Party that
26 some or all of the information requested is subject to a confidentiality agreement
27 with a Non-Party;

Americas 90470517 (2K)

1   (2) promptly provide the Non-Party with a copy of the Stipulated Protective
2   Order in this Action, the relevant discovery request(s), and a reasonably specific
3   description of the information requested; and

4   (3) make the information requested available for inspection by the Non-
5   Party, if requested.

6   (c) If the Non-Party fails to seek a protective order from this court within 14
7   days of receiving the notice and accompanying information, the Receiving Party
8   may produce the Non-Party's confidential information responsive to the discovery
9   request.  If the Non-Party timely seeks a protective order, the Receiving Party shall
10  not produce any information in its possession or control that is subject to the
11  confidentiality agreement with the Non-Party before a determination by the court.
12  Absent a court order to the contrary, the Non-Party shall bear the burden and
13  expense of seeking protection in this court of its Protected Material.

### 10. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all unauthorized copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

### 11. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege or other

- 13 -

Americas 90470517 (2K)

1  protection, the obligations of the Receiving Parties are those set forth in Federal
2  Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify
3  whatever procedure may be established in an e-discovery order that provides for
4  production without prior privilege review.

6     12. <u>MISCELLANEOUS</u>
7        12.1 <u>Right to Further Relief</u>.  Nothing in this Order abridges the right of any
8  person to seek its modification by the Court in the future.
9        12.2 <u>Right to Assert Other Objections</u>.  By stipulating to the entry of this
10 Protective Order, no Party waives any right it otherwise would have to object to
11 disclosing or producing any information or item on any ground not addressed in
12 this Stipulated Protective Order.  Similarly, no Party waives any right to object on
13 any ground to use in evidence of any of the material covered by this Protective
14 Order.
15       12.3 <u>Filing Protected Material</u>.  A Party that seeks to file under seal any
16 Protected Material must comply with Civil Local Rule 79-5.  Protected Material
17 may only be filed under seal pursuant to a court order authorizing the sealing of the
18 specific Protected Material at issue.  If a Party's request to file Protected Material
19 under seal is denied by the Court, then the Receiving Party may file the information
20 in the public record unless otherwise instructed by the Court.

22    13. <u>FINAL DISPOSITION</u>
23      Within sixty (60) calendar days after the final disposition of this Action, as
24 defined in Section 4, all Protected Material received under the provisions of this
25 Order shall be returned to the Producing Party, or, at the direction of the Receiving
26 Party, destroyed, except to the extent any of the foregoing includes or reflects work
27 product of the Receiving Party (which work product may be maintained by Outside
28 Counsel of Record for the Party, but not by the Party itself), and except to the

- 14 -

1  extent such material has been filed with a court in which a proceeding related to this
2  action is being conducted.
3         Notwithstanding this provision, Outside Counsel of Record are entitled to
4  retain an archival copy of all pleadings, motion papers, trial, deposition, and
5  hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits,
6  expert reports, attorney work product, and consultant and expert work product, even
7  if such materials contain Protected Material.  Any such archival copies that contain
8  or constitute Protected Material remain subject to this Order as set forth in Section
9  4 (DURATION).

11  14.    Any violation of this Order may be punished by any and all appropriate
12  measures including, without limitation, contempt proceedings and/or monetary
13  sanctions.

15  IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated: March 25, 2015                    WHITE & CASE LLP

                                         By:   */s/ Bryan A. Merryman*
                                                Bryan A. Merryman

                                         BRYAN A. MERRYMAN (SBN 134357)
                                         bmerryman@whitecase.com
                                         J. JONATHAN HAWK (SBN 254350)
                                         jhawk@whitecase.com
                                         WHITE & CASE LLP
                                         633 W. Fifth Street, Suite 1900
                                         Los Angeles, CA  90071-2007
                                         Telephone:  (213) 620-7700
                                         Facsimile:  (213) 452-2329

                                         Attorneys for Defendant
                                         TIME WARNER CABLE INC.

- 15 -

Americas 90470517 (2K)

| | | |
|---|---|---|
| 1 | Dated: March 25, 2015 | HYDE & SWIGART |
| 2 | | |
| 3 | | By: */s/ Jessica R.K. Dorman* |
| 4 | | Jessica R.K. Dorman |

Joshua B. Swigart, Esq.
josh@westcoastlitigation.com
Jessica R. K. Dorman, Esq.
jessica @westcoastlitigation.com
HYDE & SWIGART 2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

LAW OFFICES OF TODD M. FRIEDMAN P.C.

Todd M. Friedman
tfriedman@attorneysforconsumers.com
LAW OFFICES OF TODD M. FRIEDMAN P.C.
324 South Beverly Drive, Suite 725
Beverly Hills, CA 90212
Telephone: (877) 206-4741
Facsimile: (877) 633-0228

KAZEROUNIAN LAW GROUP, APC

Abbas Kazerounian
ak@kazlg.com
KAZEROUNIAN LAW GROUP, APC
245 Fischer Avenue, Suite D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

Attorneys for Plaintiff
JOHN FONTES

FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.

Dated: March 31, 2015

*/s/ Carla M. Woehrle*

Hon. Carla Woehrle
Magistrate Judge of United States District Court

- 16 -

Americas 90470517 (2K)