JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL  'O'

| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

| Present: The Honorable | CHRISTINA A. SNYDER, U.S. DISTRICT JUDGE | |
|---|---|---|
| CONNIE LEE | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| N/A | N/A |

**Proceedings:** (IN CHAMBERS) DEFENDANT TIME WARNER CABLE INC.'S MOTION TO STAY ACTION [42]

The Court finds this motion appropriate for decision without oral argument. See Fed. R. Civ. P. 78; C.D. Cal. Local Rule 7-15. Accordingly, this matter is hereby taken under submission.

## I.  INTRODUCTION

On October 30, 2015, plaintiffs John Fontes ("Fontes"), Damon Byrd ("Byrd"), and Gregory Montegna ("Montegna") (collectively, "plaintiffs") filed the operative First Amended Complaint ("FAC") in this putative class action against defendant Time Warner Cable, Inc. ("Time Warner"). Dkt. 41. The FAC asserts the following claims against Time Warner: (1) negligent violations of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §§ 227, et seq.; and (2) knowing violations of the TCPA. Id. In brief, plaintiffs allege that they repeatedly received pre-recorded phone calls from Time Warner. Plaintiffs further allege that, in violation of the TCPA, these phone calls were made using an "automatic telephone dialing system" and that Time Warner did not obtain plaintiffs prior express consent to receive unsolicited telephone calls.

On November 20, 2015, Time Warner filed a motion to stay this case. Dkt. 42. On November 30, 2015, plaintiffs filed an opposition, Dkt. 48, and on December 4, 2015, Time Warner filed a reply, Dkt. 49. Having carefully considered the parties' arguments, the Court finds and concludes as follows.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

## II. BACKGROUND

As relevant here, the TCPA provides that:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States--
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . .
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call . . . .

47 U.S.C. § 227(b)(1). Here, plaintiffs allege that Time Warner violated the TCPA by calling them on their cellular telephones and leaving pre-recorded messages without their prior express consent. Compl. ¶¶ 28, 36, 47. Plaintiffs further allege that in making these phone calls, Time Warner used a device that qualifies as an "automatic telephone dialing system" as that term is defined by 47 U.S.C. § 227(a)(1).[1] Id. ¶¶ 24, 32, 43. Based on this alleged conduct, plaintiffs now seek to bring a class action on behalf of themselves and all other persons in the United States who similarly received pre-recorded phone messages from Time Warner. Id. ¶ 50.

Time Warner contends that its conduct did not violate the TCPA. More specifically, it contends that in making these telephone calls, it was attempting to reach one of its customers regarding a past due account. Mot., at 2. Unlike plaintiffs, these customers had provided Time Warner with their prior express consent. Id. Time Warner asserts that it inadvertently reached plaintiffs, instead of its customers, because the customers numbers had been reassigned to plaintiffs without Time Warner's knowledge.

---

[1] 47 U.S.C. § 227(a)(1) defines "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

Id. Time Warner also contends that the device it used to make these phone calls cannot be considered an "automatic telephone dialing system" because it does not have the *present* capacity to generate random or sequential telephone numbers. Id. at 4.

### A. Procedural Background

This action was initially filed as a putative class action by plaintiff Fontes on March 18, 2014. Dkt. 1. The original complaint asserted the same claims against Time Warner as the FAC. Id. On April 14, 2014, Time Warner filed a motion to dismiss or, in the alternative, stay this case under the primary jurisdiction doctrine. Dkt. 12. As the basis for the requested stay, Time Warner explained that the FCC was currently considering two petitions (the "Petitions") requesting that the FCC clarify whether the TCPA imposes liability on entities that make automated calls and inadvertently reach persons other than the person who gave "prior express consent" to receive such calls.[2] See id.

On May 19, 2014, the Court entered an order reserving ruling on Time Warner's motion, and staying this case on its own motion. Dkt. 23. The Court reasoned that a stay was "appropriate because it increases the likelihood that the Court will be able to address the parties' arguments after the FCC has acted on the Petitions." Id. On January 23, 2015, the Court lifted the stay in this case. Dkt. 28.

The parties subsequently engaged in class discovery; however, Fontes ultimately determined not to file a motion for class certification. Dkt. 38. Instead, the parties elected to engage in settlement negotiations. Id. While these negotiations were ongoing, Fontes' counsel filed two additional putative class actions on behalf of plaintiffs Montegna and Byrd. Dkt. 39. The Court permitted plaintiffs to consolidate their claims in this single action, and on October 30, 2015, plaintiffs filed the operative FAC. Id.

---

[2] The petitions were United Healthcare Services, Inc.'s "Petition for Expedited Declaratory Ruling," dated January 16, 2014, and ACA International's "Petition for Rulemaking," dated January 31, 2014. See Dkt. 13, Exs. B, C.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**     'O'

| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

### B. The FCC's Declaratory Ruling and The D.C. Circuit Appeal

On July 10, 2015, the FCC issued its Declaratory Ruling responding to the Petitions. July 10, 2015 FCC Declaratory Ruling and Order. As relevant here, the FCC ruled that the TCPA's use of the term "capacity" in the definition of "automatic telephone dialing system" does not exempt equipment that lacks the "present ability" to dial randomly or sequentially. Id. ¶ 15. "In other words, the capacity of an autodialer is not limited to its current configuration but also includes its potential functionalities." Id. ¶ 16.

The FCC also concluded that the term "called party" should be defined as "the subscriber, i.e., the consumer assigned the telephone number dialed and billed for the call, or the non-subscriber customary user of a telephone number included in a family or business calling plan." Id. ¶ 73. In settling on this definition, the FCC rejected a suggestion made by several commentators to define "called party" as the "intended" recipient of the phone call. Id. ¶ 74. Thus, the FCC explained that, subject to one limited exception, "calls to reassigned wireless numbers violate the TCPA when a previous subscriber, not the current subscriber or customary user, provided the prior express consent on which the call is based." Id. ¶ 73.

Finally, the FCC determined that a very limited safe harbor should apply for "callers who make calls without knowledge of reassignment and with a reasonable basis to believe they have valid consent to make the call." Id. at ¶ 72. Such callers "should be able to initiate one call after reassignment as an additional opportunity to gain actual or constructive knowledge of the reassignment and cease future calls to the new subscriber. If this one additional call does not yield actual knowledge of reassignment, we deem the caller to have constructive knowledge of such." Id.

The FCC was sharply divided on many of these issues. In particular, with regard to the proper definition of an autodialer the commissioners split 3-2. See id. One of the dissenting commissioners, Ajit Pai, who dissented from the entirety of the majority's ruling wrote:

> Some lawyers go to ridiculous lengths to generate new TCPA business. They have asked family members, friends, and significant

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

> others to download calling, voicemail, and texting apps in order to sue the companies behind each app. Others have bought cheap, prepaid wireless phones so they can sue any business that calls them by accident in cases of reas[s]igned telephone numbers. . . . the common thread here is that in practice the TCPA has strayed far from its original purpose. And the FCC has the power to fix that. . . . Instead, the Order takes the opposite tack. Rather than focus on the illegal telemarketing calls that consumers really care about, the Order twists the law's words even further to target useful communications between legitimate businesses and their customers. This Order will make abuse of the TCPA much, much easier. And the primary beneficiaries will be trial lawyers, not the American public.

Dissenting Statement of Commissioner Ajit Pai. Specifically with regard to the FCC's interpretation of the term "automatic telephone dialing system," Commissioner Pai stated:

> The Order dramatically expands the TCPA's reach. The TCPA prohibits a person from making "any call" to a mobile phone "using any automatic telephone dialing system," except in certain defined circumstances. The statute defines an "automatic telephone dialing system" as "equipment which has the capacity—(A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." As three separate petitions explain, trial lawyers have sought to apply this prohibition to equipment that *cannot* store or produce telephone numbers to be called using a random or sequential number generator and that *cannot* dial such numbers.
>
> **That position is flatly inconsistent with the TCPA.** The statute lays out two things that an automatic telephone dialing system must be able to do or, to use the statutory term, must have the "capacity" to do. If a piece of equipment *cannot* do those two things—if it *cannot* store or produce telephone numbers to be called using a random or sequential number generator and if it cannot dial such numbers—then how can it possibly meet the statutory definition? It *cannot*. To use

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**  'O'

| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

      an analogy, does a one-gallon bucket have the capacity to hold two gallons of water? Of course not.

Id. (some emphasis added).

      After the FCC issued its ruling, nine companies filed petitions with the United States Court of Appeals for the District of Columbia Circuit (the "Court of Appeals") seeking review of the FCC's Declaratory Ruling. Dkt. 44, Ex. C (docket sheet for ACA Int'l, et al. v. Fed. Commncn's Comm., No. 15-1211 (D.C. Cir. 2015). Those petitions were subsequently consolidated into a single case, ACA International, et al. v. Federal Communications Commission. Id. All of the petitions request that the D.C. Circuit vacate the FCC's ruling with regard to the potential liability for calls to reassigned cell phone numbers and the definition of an "automatic telephone dialing system." See, e.g., Dkt. 44, Ex. D (ACA Int 'I, et al. v. Fed. Commncn's Comm., No. 15-1211, Am. Pet. for Review by ACA Int'l, Dkt. 1562251 at 4-5 (D.C. Cir. July 13, 2015)). The D.C. Circuit set a briefing schedule requiring all briefs to be filed by February 24, 2016. Dkt. 44, Ed. E (Order, No, 15-211 at 1-2 (D.C. Cir. Oct. 13, 2015). A hearing will be scheduled after all briefs are submitted. Id.

      Time Warner now requests that the Court stay this case pending a decision from the Court of Appeals regarding the validity of the FCC's Declaratory Ruling.

**III. ANALYSIS**

      A district court has discretionary power to stay proceedings. See Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). The court "may, with propriety, find it is efficient for its own docket and the fairest course for the parties to enter a stay of an action before it, pending resolution of independent proceedings which bear upon the case." Leyva v. Certified Grocers of Cal. Ltd., 593 F.2d 857, 863 (9th Cir. 1979). Among the factors to be weighed in deciding whether to stay a pending proceeding "are the possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005). " '[I]f there is even a fair possibility that the stay . . . will work damage to someone else,' the stay may be inappropriate absent a showing by the moving party of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | **CIVIL MINUTES - GENERAL** | | 'O' |
|---|---|---|---|
| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

'hardship or inequity.' " Dependable Highway Express, 498 F.3d at 1066 (quoting Landis, 299 U.S. at 255). However, "being required to defend a suit, without more, does not constitute a 'clear case of hardship or inequity.' " Lockyer, 398 F.3d at 1112. In all cases, "[t]he proponent of a stay bears the burden of establishing its need." Clinton v. Jones, 520 U.S. 681, 706 (1997).

      The Court finds that under the circumstances in this case, it is prudent to stay this case pending resolution of the Court of Appeals review of the FCC's Declaratory Ruling. When the Court previously stayed this case, it did so in the hopes that a brief stay would provide time for the FCC to issue a ruling clarifying several seemingly ambiguous and contested terms in the TCPA. The FCC has now issued its ruling. However, in light of the close divide amongst the FCC commissioners and the fact that at least one commissioner believes the FCC's ruling is "flatly inconsistent with the TCPA," there is a legitimate possibility that the Court of Appeals may overturn that ruling. Accordingly, the proper interpretation of the TCPA remains unclear.

      At first glance, it appears that the FCC's ruling expands the scope of liability in cases of reassigned phone numbers. The FCC accepted a definition of "called party" that includes the subscriber of a phone number, even where that person has received a reassigned number. Likewise, the FCC adopted only a limited safe harbor of one year, as opposed to a more expansive safe harbor as some petitioners had suggested. And, the FCC adopted a broader definition of "automatic telephone dialing system" that focuses on a devices *potential* capabilities, as opposed to a narrow definition based on a devices *present* capabilities. See also, July 10, 2015 FCC Declaratory Ruling and Order ¶ 84 ("we see nothing in the law or legislative history suggesting that Congress intended lesser—or no—protection for the unfortunate consumer who inherited a new number [i.e., a reassigned number]"). If the Court of Appeals were to find that the FCC had reached the wrong conclusion at to any of these issues that could potentially be dispositive of the outcome in this case. As such, Time Warner argues in its motion that "[i]f the D.C. Circuit holds that the statutory term 'called party' means the intended recipient of the call, that the safe harbor provision extends beyond the first call, or that the definition of autodialer should be limited to equipment with only the present capacity to generate random or sequential telephone numbers, [Time Warner] will have a complete defense to Plaintiffs' claims." Mot., at 11. While it is not necessary in the instant motion for the Court to reach the merits of Time Warner's contention, at a minimum, the Court finds that it is prudent to await further guidance from the D.C. Circuit.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL** 'O'

| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
|---|---|---|---|
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

  A decision by the Court of Appeals is likely anticipated by the end of next year. However, the Court is currently scheduled to hear argument regarding plaintiffs motion for class certification in June of next year and the deadline for the parties to file dispositive motions is currently scheduled for October of next year. Dkt. 40. If the Court of Appeals were to issue an order vacating the FCC's ruling in significant part after these deadlines had passed it would likely render moot substantial efforts by the parties as well as many of the Court's rulings. Accordingly, in light of the risk of wasting the resources of the Court and the parties as well as the high degree of uncertainty in this area of the law, the Court finds that a stay is appropriate in this case.[3]

  Nonetheless, plaintiffs argue that a stay is inappropriate because they will suffer prejudice if this case is stayed. In particular, plaintiffs note that this is the second time the Court has stayed this action. However, another court confronted with this same situation nonetheless opted to stay its case while the Court of Appeals evaluates the FCC's ruling. In Gensel v. Performant Technologies, Inc., 2015 WL 6158072 (E.D. Wisc. Oct. 20, 2015), the court initially granted the defendants motion to stay the case pending the issuance of the Declaratory Ruling. After the FCC issued its ruling, the defendants again moved for a stay pending the resolution of the appeals of that ruling. Id. at *1. The Court granted the motion for a second stay noting that "a stay pending the

---

  [3] Plaintiffs contend that the Court of Appeals ruling will not clarify the issues in this case. Specifically, plaintiffs note that while that court "has exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part) or to determine the validity" of the FCC's ruling, it does not have the authority to enter its own interpretation of the issues presented by the FCC's ruling. Opp'n., at 6 (citing 28 U.S.C. § 3242(1)). As such, plaintiffs argue that the best Time Warner can hope for is that the D.C. Circuit will simply vacate the FCC's ruling, not a substantive ruling favoring their interpretation of the TCPA. Id. Plaintiffs argument is unavailing. First, if the FCC's ruling is upheld, that will resolve the dispute regarding the validity of the FCC's interpretation of the TCPA and the Court will be able to proceed applying the TCPA as it was interpreted by the FCC. On the other hand, if the Court of Appeals vacates any portion of the FCC's Declaratory Ruling, at a minimum, the Court will have the benefit of the court's reasoning in doing so. And, the potential that the FCC's ruling on many potentially dispositive issues in this case may be vacated, in and of itself, supports granting Time Warner's motion.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

| | CIVIL MINUTES - GENERAL | | 'O' |
|---|---|---|---|
| Case No. | CV14-2060-CAS(CWx) | Date | December 17, 2015 |
| Title | *JOHN FONTES v. TIME WARNER CABLE INC.* | | |

outcome of the appeals from the FCC's July 10 Declaratory Ruling and Order is in the interest of judicial economy." Id. at *2.

Moreover, the potential prejudice to plaintiffs from a second stay is mitigated by the fact that two of the plaintiffs—Montegna and Byrd—only recently joined this case and were never subject to the Court's earlier stay. Furthermore, with regard to plaintiff Fontes, the Court notes that the stay in this case has been lifted since January of this year and that, in the interim, Fontes elected not to pursue a motion for class certification. Accordingly, while a stay may delay the resolution of this case, the Court finds that, this is not a sufficient basis for denying Time Warner's motion.

## IV. CONCLUSION

In accordance with the foregoing, the Court finds that a stay is appropriate in these circumstances and therefore **GRANTS** Time Warner's Motion. It is ORDERED that this action is hereby removed from this Court's active caseload until further application by the parties or order of this Court. The parties are directed to file joint status reports reporting on the status of the Court of Appeals review of the FCC's July 10 Declaratory Ruling in ACA International, et al. v. Federal Communications Commission every 120 days or upon a decision in that case, whichever first occurs.

This Court retains full jurisdiction over this action and this Order shall not prejudice any party to this action. All dates in this action are hereby **VACATED** and defendant's Motion to Dismiss [12] is hereby MOOT.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | | CL |