**HYDE & SWIGART**
Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Hyde & Swigart
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Office Number:       (619) 233-7770
Office Fax Number:   (619) 297-1022

[Additional Counsel on Signature Page]

Attorneys for Plaintiffs,
John Fontes, Damon Byrd,
and Gregory Montegna

**FILED**
CLERK, U.S. DISTRICT COURT

July 6, 2018

CENTRAL DISTRICT OF CALIFORNIA
BY: _____CMJ_____ DEPUTY



# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **JOHN FONTES, DAMON BYRD, and GREGORY MONTEGNA, Individually and on Behalf of All Others Similarly Situated,**<br><br>PLAINTIFFS,<br>V.<br><br>**TIME WARNER CABLE, INC.,**<br><br>DEFENDANT. | **Case No: 2:14-cv-02060-CAS(ASx)**<br><br>**CLASS ACTION**<br><br>**SECOND AMENDED CLASS ACTION COMPLAINT FOR DAMAGES**<br><br>**Jury Trial Demanded** |

**INTRODUCTION**

1.  John Fontes, Damon Byrd, and Gregory Montegna (collectively the "Plaintiffs") bring this Second Amended Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Time Warner Cable, Inc. ("Defendant"), in negligently or intentionally contacting Plaintiffs on Plaintiffs' cellular telephones, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.*, ("TCPA"), thereby invading Plaintiffs' privacy.  Plaintiffs allege as follows upon personal knowledge as to themselves and their own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by their attorneys.

2.  The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiffs. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3.  In enacting the TCPA, Congress intended to give consumers a choice as to how creditors and telemarketers may call them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub.L. No. 102–243, § 11. Toward this end, Congress found that:

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this

nuisance and privacy invasion.

*Id*. at § 12; *see also*, *Martin v. Leading Edge Recovery Solutions, LLC*, 2012 WL 3292838, at* 4 (N.D.Ill. Aug. 10, 2012) (citing Congressional findings on TCPA's purpose).

4.    Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." *Id*. at §§ 12-13. *See also*, *Mims*, 132 S. Ct. at 744.

5.    As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act … is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

### JURISDICTION AND VENUE

6.    This Court has federal question jurisdiction because this case arises out of violation of federal law. 47 U.S.C. § 227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7.    Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff Fontes and Byrd reside in the County of Los Angeles, State of California which is within this judicial district; (ii) a substantial portion of the conduct complained of herein occurred within this judicial district; and, (iii) Defendant conducted business within this judicial district at all times relevant.

**PARTIES**

8.   Plaintiff John Fontes is, and at all times mentioned herein was, a citizen and resident of the County of Los Angeles, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

9.   Plaintiff Gregory Montegna is, and at all times mentioned herein was, a citizen and resident of the County of San Diego, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

10.   Plaintiff Damon Byrd is, and at all times mentioned herein was, a citizen and resident of the County of Los Angeles, State of California.  Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

11.   Plaintiffs are informed and believe, and thereon allege, that Defendant is, and at all times mentioned herein was, a corporation whose State of Incorporation is in the State of Delaware and principal place of business is in New York.

12.   Defendant, Time Warner Network, LLC ("Defendant" or "TIME WARNER"), is a leader in satellite television services and offers a variety of consumer and business related satellite television services nationwide.

13.   Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153 (139).

14.   Plaintiffs allege that at all times relevant herein Defendant conducted business in the State of California, and within this judicial district.

**FACTUAL ALLEGATIONS**

15.   At all times relevant, each Plaintiff was a citizen of the State of California. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

HYDE & SWIGART
Consumer Protection Attorneys

16. Defendant is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153 (39).

John Fontes

17. At all times relevant Defendant conducted business in the State of California and in the County of Los Angeles, within this judicial district.

18. On or about January 28, 2014, Defendant called Fontes' cellular phone ending in 3688 from 800-892-2253, and left him a pre-recorded voice message stating:

> This is an automated message about an important change in the status of your account.... This call maybe monitored or recorded. If I am speaking with Anna Pounzie please press one. If they're available to come to the phone right now, press two. If they can't come to the phone right now, press 3. Sorry, if I am speaking with Anna Pounzie, please press one. If they're available to come to the phone right now, press two. If they can't come to the phone right now, press 3. Or, if this is not a good time, you can call us back at 800-892-2253. Again, that is 800-892-2253... I am sorry, I am going to have to hang up now. Once again, the number to reach Time Warner Cable is 800-892-2253. Thank you. Goodbye.

19. Defendant also left the same or nearly identical pre-recorded voice-messages on Fontes' cellular phone ending in 3688 on or about February 01, 2014, and February 07, 2014.

20. On or about February 24, 2014, Defendant left a pre-recorded voice-message on Fontes' cellular phone ending in 3688 stating:

> Hello, this is Time Warner Cable calling about an important change in the status of the account belonging to Anna Pounzie. Please call us within the next twenty-four (24) hours at 800-892-2253. Again, please call Time Warner Cable regarding an important change in the status of your account within the next twenty-four (24) hours at 800-892-2253.

21. The calls Defendant placed to Fontes' cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

22. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

23. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Fontes incurs a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

24. These calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

25. Fontes is neither a subscriber nor client of Defendant's services, never contacted Defendant, nor provided Defendant with her personal information or cellular telephone number. Thus, at no time did Fontes provide Defendant or its agents with prior express consent to receive unsolicited telephone calls, pursuant to 47 U.S.C. § 227 (b)(1)(A).

<u>Damon Byrd</u>

26. Beginning in or around April of 2014, Defendant contacted Byrd on his cellular telephone number ending in -2681, in an attempt to collect an alleged outstanding debt owed by an "Anna."

27. Defendant placed multiple calls a day to Byrd's cellular telephone seeking to collect the alleged debt owed by "Anna."

28. Defendant called Byrd on but not limited to April 3, 2014, April 4, 2014, June 28, 2014, July 16, 2014, July 19, 2014, and September 15, 2014.

29. Defendant used an "automatic telephone dialing system", as defined by 47 U.S.C. § 227(a)(1) to place its daily calls to Byrd seeking to collect the debt allegedly owed by "Anna."

30. Defendant often left voicemail messages on Byrd's cellular telephone if Plaintiff did not answer Defendant's calls. In these messages, Defendant

HYDE & SWIGART
Consumer Protection Attorneys

utilized an "artificial or prerecorded voice" as prohibited by 47 U.S.C. § 227(b)(1)(A).

31.   Defendant's calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

32.   Defendant's calls were placed to telephone number assigned to a cellular telephone service for which Byrd incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

33.   Byrd is not a customer of Defendant's services and has never provided any personal information, including his cellular telephone number, to Defendant for any purpose whatsoever. Furthermore, Byrd does not know nor has ever known "Anna." Accordingly, Defendant never received Byrd's "prior express consent" to receive calls using an automatic telephone dialing system or an artificial or prerecorded voice on his cellular telephone pursuant to 47 U.S.C. § 227(b)(1)(A).

<u>Gregory Montegna</u>

34.   At all times relevant Defendant conducted business in the State of California and in the County of San Diego, within this judicial district.

35.   Beginning in or around the Summer of 2015, Defendant began to utilize Montegna's cellular telephone number, ending in 7555, to place virtually daily incessant calls to Montegna pertaining to another person whom Montegna does not know.

36.   Montegna did not provide Defendant with his cellular telephone number.

37.   On at least two occasions, Montegna made a point to return a call to a representative and inform Defendant that Defendant was calling the wrong person, and that Defendant was not to call Montegna anymore.

38.   Despite Montegna's efforts to inform Defendant that they were calling the wrong number, Defendant continued to call Montegna.

39. During this time, Defendant placed calls on a daily basis, often placing numerous calls a day.

40. The calls Defendant placed to Montegn's cellular telephone were placed via an "automatic telephone dialing system," ("ATDS") as defined by 47 U.S.C. § 227 (a)(1) as prohibited by 47 U.S.C. § 227 (b)(1)(A).

41. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

42. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiffs incur a charge for incoming calls pursuant to 47 U.S.C. § 227 (b)(1).

43. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227 (b)(1)(A)(i).

44. Montegna is neither a subscriber nor client of Defendant's services, never contacted Defendant, nor provided Defendant with his personal information or cellular telephone number. Thus, at no time did Montegna provide Defendant or its agents with prior express consent to receive unsolicited telephone calls, pursuant to 47 U.S.C. § 227 (b)(1)(A).

45. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

46. Plaintiffs bring this action on behalf of himself and on behalf of all others similarly situated (the "Class").

47. Plaintiffs represents, and are members of the Class, consisting of:

> All persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system or with an artificial or prerecorded voice between March 18, 2010 and October 30, 2015.

48. Defendant and its employees or agents are excluded from the Class. Plaintiffs do not know the number of members in the Class, but believe the Class members number in the hundreds of thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

49. Plaintiffs and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendants, either directly or through its agents, illegally contacted Plaintiffs and the Class members via their cellular telephones by using an ATDS and/or with an artificial or prerecorded voice, thereby causing Plaintiffs and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiffs and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiffs and the Class members were damaged thereby.

50. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiffs reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

51. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendants' records or Defendants' agents' records.

52. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact

to the Class predominate over questions which may affect individual Class members, including the following:

a) Whether, during the proposed class period, Defendant made any call/s (other than a call made for emergency purposes or made with the prior express consent of the called party) to Class members using any automatic telephone dialing system or an artificial or prerecorded voice to any telephone number assigned to a cellular telephone service.

b) Whether Defendant can meet its burden of showing it obtained prior express consent (i.e., consent that is clearly and unmistakably stated);

c) Whether Defendant's conduct was knowing and/or willful;

d) Whether Plaintiffs and the Class members were damaged thereby, and the extent of damages for such violation; and

e) Whether Defendants and its agents should be enjoined from engaging in such conduct in the future.

53. As a person that received at least one telephonic communication from Defendant's ATDS and/or an artificial or prerecorded voice without their prior express consent, Plaintiffs are asserting claims that are typical of the Class. Plaintiffs will fairly and adequately represent and protect the interests of the Class in that Plaintiffs have no interests antagonistic to any member of the Class.

54. Plaintiffs and the members of the Class have all suffered irreparable harm as a result of the Defendants' unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

55. Plaintiffs have retained counsel experienced in handling class action claims and claims involving violations of the Telephone Consumer Protection Act.

56. A class action is a superior method for the fair and efficient adjudication of this controversy.  Class-wide damages are essential to induce Defendants to comply with federal and California law.  The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of privacy are minimal.  Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

57. The prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them that would, as a practical matter, be dispositive of the interests of the other Class members not parties to such adjudications or that would substantially impair or impede the ability of such non-party Class members to protect their interests.

58. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**COUNT I**

**NEGLIGENT VIOLATIONS OF THE**

**TELEPHONE CONSUMER PROTECTION ACT (TCPA)**

**47 U.S.C. 227**

59. Plaintiffs incorporate by reference all of the above paragraphs of this Complaint as though fully stated herein.

60. The foregoing acts and omissions of Defendant constitutes numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227. *et seq*.

61. As a result of Defendant's negligent violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and The Class are entitled to an award of $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

62. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## COUNT II

### KNOWING AND/OR WILLFUL OF THE

### TELEPHONE CONSUMER PROTECTION ACT (TCPA)

### 47 U.S.C. 227

63. Plaintiffs incorporate by reference all of the above paragraphs of this Second Amended Complaint as though fully stated herein.

64. The foregoing acts and omissions of Defendant constitutes numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227, *et seq*.

65. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227, *et seq.*, Plaintiffs and The Class are entitled to an award of $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

66. Plaintiffs and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and The Class Members pray for judgment as follows:

- Certifying the Class as requested herein, with Plaintiffs as Class Representatives and Plaintiffs' counsel as Class Counsel;

- Costs of suit;

- Providing such further relief as may be just and proper.

In addition, Plaintiffs and the Class members pray for further judgment as follows:

### COUNT I FOR NEGLIGENT VIOLATIONS OF
### THE (TCPA), 47 U.S.C. 227 ET. SEQ.

• As a result of Defendant's negligent violations of 47 U.S.C. § 227(b)(1), Plaintiff seeks for themselves and each Class member $500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

• Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

• Any other relief the Court may deem just and proper.

### COUNT II FOR KNOWING/WILLFUL VIOLATION OF
### THE (TCPA), 47 U.S.C. 227 ET. SEQ.

• As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227(b)(1), Plaintiffs seeks for themselves and each Class member $1,500.00 in statutory damages, for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

• Pursuant to 47 U.S.C. § 227(b)(3)(A), injunctive relief prohibiting such conduct in the future.

• Any other relief the Court may deem just and proper.

### TRIAL BY JURY

67. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiffs are entitled to, and demand, a trial by jury.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Respectfully submitted,

**Hyde & Swigart**

Date: May 24, 2018                    By: /s/ Joshua B. Swigart
                                        Joshua B. Swigart
                                        *Attorneys for Plaintiffs*

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
*Attorneys for Plaintiffs*

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman (SBN: 216752)
21550 Oxnard Street, Suite 780
Woodland Hills, CA 91367
Phone: 877-206-4741
Fax: 866-633-0228
tfriedman@toddflaw.com
*Attorneys for Plaintiffs*